GARY R. GLEASON (SBN 136167)
Email: ggleason@micleangleason.com
ANNE-MARIE D. DAO (SBN 282632)
Email: adao@micleangleason.com
MICLEAN GLEASON LLP
100 Marine Parkway Suite 310
Redwood Shores, CA 94065
Office: (650) 684-1181
Fax: (650) 684-1182

Attorneys for Plaintiff Paymentwall, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYMENTWALL, INC.<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>YOUTUBE, INC., YOUTUBE, LLC, EXPLAINIFYR, SARAH L. NEAL, AND DOES (1-50)<br><br>　　　　Defendants. | **COMPLAINT FOR DAMAGES FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT**<br>2. **TRADEMARK INFRINGEMENT**<br>3. **CIVIL CONSPIRACY**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff, Paymentwall, Inc. ("Plaintiff") by and for their Complaint against Defendants YouTube, Inc., YouTube, LLC, (collectively, "YouTube," which also refers to the YouTube.com website), Explainifyr, Sarah L. Neal ("Neal") and Does 1-50 (all collectively, "Defendants"), aver as follows:

## **NATURE OF ACTION**

1. Plaintiff brings this action to stop the willful copyright and trademark infringement of Defendants. Defendants are profiting from the unlawful reproduction and distribution of Paymentwall's copyrighted works and trademarks ("Plaintiff's work") without license from Plaintiff.

2. Defendant Explainifyr has possession of the intellectual property of Plaintiff, and has orchestrated a campaign of distributing Plaintiff's intellectual property to individuals with the intent of having those individuals unlawfully post the intellectual property on the Internet via YouTube.

3. Defendant Neal and Does 1 through 40 have wrongfully acquired Plaintiff's intellectual property and posted it on the Internet via YouTube.

4. Since its founding in February 2005, YouTube has become one of the most popular websites for viewing, uploading, and sharing video clips.

5. YouTube's popularity is in no doubt largely based on the large amounts of misappropriated copyrighted material that pervades the site.

6. YouTube permits, encourages, and enables users to view, upload, and share copyrighted materials because such copyrighted materials increase YouTube site traffic, leading to revenue.

7. YouTube directly profits from the unlawful uploading, viewing, and sharing of copyrighted and trademarked materials, including the uploading Plaintiff's work by Neal on the YouTube website.

8. YouTube has allowed the unlawful uploading (by other Defendants), viewing, and sharing of Plaintiff's work on the YouTube website.

9. Defendants' willful conduct has caused irreparable harm to Plaintiff, and without judicial intervention, Plaintiff will continue to suffer irreparable harm by Defendants.

10. For the foregoing reasons, and the reasons set forth below, Plaintiff seeks injunctive and other equitable relief and damages.

**JURISDICTION AND VENUE**

11. The Court has subject matter jurisdiction over this action, which arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, pursuant to 28 U.S.C. §§ 1331 and 1338(a), and the Lanham Act, 15 U.S.C. § 1114(1) (Trademark Infringement).

12. This Court has personal jurisdiction over YouTube because YouTube's principal place of business is located in this Judicial District.

13. This court has personal jurisdiction over Explainifyr because it has conducted business in the forum.

14. This Court has personal jurisdiction over Neal because Neal has consented, in her counter-notification, to the jurisdiction of the Federal District Court where YouTube is located.

15. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because YouTube's principal place of business is located in this Judicial District.

**THE PARTIES**

16. Plaintiff Paymentwall, Inc. is a California Corporation with its principal place of business at 255 9th Street, San Francisco, CA 94103.

17. Defendant YouTube, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1000 Cherry Avenue, San Bruno, California and in this Judicial District.

18. Defendant YouTube, LLC is a limited liability company organized and existing under the laws of the State of Delaware and with its principal place of business at 1000 Cherry Avenue, San Bruno, California and in this Judicial District.

19. Defendant Explainifyr is a company organized and existing under the laws of England with its principal place of business at 6-8 Bonhill Street, London, EC2A 4BX.

20. Sarah Neal is a citizen of England, whose stated address is 10 Strand, London WC2R 2LS, England.

21. Paymentwall is unaware of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Paymentwall will amend this complaint to allege their true names and capacities when ascertained.

1  Paymentwall is informed and believes and therefore alleges that each of the fictitiously named
2  defendants is responsible in some manner for the occurrences herein alleged, and Paymentwall's injuries
3  as herein alleged were proximately caused by such defendants. These fictitiously named defendants,
4  along with the defendants named above, are herein referred to collectively as "Defendants."

**FACTUAL BACKGROUND**

22. YouTube is a popular website that allows its users to upload videos, music, sounds, and other materials, all of which can then be viewed or shared by its users. Since being founded in February 2005, YouTube has reached incredible popularity, with over 2 billion views a day. While the site is free to access and upload content, YouTube generates revenue through such streams as the placement of advertisements on top of videos being displayed and the running advertisements before the users' desired video is displayed.

23. YouTube is widely used for the purpose of viewing and sharing commercial content, including music, music videos, concerts, sporting events, television programs, movies, artistic works, and other content.

24. Paymentwall owns a federal trademark registration for the mark PAYMENTWALL. PAYMENTWALL was registered on July 22, 2014 with U.S. Registration Number 4570568. Plaintiff will apply for a copyright in the United States for Plaintiff's work.

25. Plaintiff is informed and believes that copies of Plaintiff's trademark and Plaintiff's copyrighted work was provided by Explainifyr to various individuals, including defendant Neal and Does 1 through 40.

26. Plaintiff is informed and believes that Explainifyr conspired with Neal and Does 1 through 40 to upload copies of Plaintiff's trademark and Plaintiff's copyrighted work and that Neal and Does 1 through 40 agreed with Explainifyr and intended to upload copies of Plaintiff's trademark and Plaintiff's copyrighted work.

27. A copy of Plaintiff's work was uploaded to YouTube by Neal, under the uploader Display name "Sarah Neal."

28. Paymentwall was made aware of the upload of Paymentwall's work.

29. Thereafter, Paymentwall filed a complaint with YouTube in accordance with the United

1  States Digital Millennium Copyright Act ("DMCA") § 17 U.S.C. 512 on July 8, 2014.

2  30.     Based on the DMCA Notice, Defendant YouTube removed Plaintiff's work from the
3  YouTube website.

4  31.     On July 14, 2014, Neal filed a Counter-Notification.

5  32.     Defendants subsequently re-inserted Plaintiff's work on its YouTube site.

6  33.     Defendants' acts have caused substantial and irreparable harm to Plaintiff. Defendants'
7  acts have caused Plaintiff to (1) lose the ability to control the delivery, manner, and means by which its
8  work is disseminated to the public; and (2) directly and indirectly lose revenue as a result of
9  unauthorized views on YouTube replacing sales through authorized channels.

10  34.    Defendants' acts are causing irreparable injury to Plaintiff that cannot be fully
11 compensated or measured in money damages and will continue unless enjoined by this Court.

**FIRST CLAIM FOR RELIEF**
**(Direct Copyright Infringement—Against All Defendants)**

14  35.    Paymentwall realleges and incorporates by reference the allegations contained in
15 paragraphs 1 through 34 above.

16  36.    Defendants' enumerated conduct is a direct copyright infringement of Plaintiff's work.

17  37.    The foregoing acts of infringement by Defendants are willful, intentional, and purposeful
18 and in disregard and of indifference to the rights of Plaintiff.

19  38.    The foregoing acts constitute direct infringement of the exclusive rights in Plaintiff's
20 work.

**SECOND CLAIM FOR RELIEF**
**(Contributory Copyright Infringement—Against Defendants YouTube and Explainifyr)**

22  39.    Paymentwall realleges and incorporates by reference the allegations contained in
23 paragraphs 1 through 38 above.

24  40.    YouTube has substantially contributed to the copyright infringement of Plaintiff's work
25 by providing the site, means, and facilities for the copyright infringement of Plaintiff's work that has
26 resulted from an unauthorized copies of Plaintiff's work being uploaded to YouTube, images from
27 Plaintiff's work being displayed on YouTube, and every time a user views, shares, copies, or otherwise
28 transmits such work. YouTube encourages, makes possible, and facilitates each infringement.

COMPLAINT                                               4

41. Explainifyr has substantially contributed to the copyright infringement of Plaintiff's work by providing Plaintiff's intellectual property to multiple individuals, with instructions to upload such materials on YouTube. Explainifyr's actions have led to copyright infringement by unauthorized copies of Plaintiff's work being uploaded to YouTube, images from Plaintiff's work being displayed on YouTube, and every time a user views, shares, copies, or otherwise transmits such work. Explainifyr encourages and facilitates each infringement.

42. YouTube has actual and constructive knowledge of the infringing activities alleged herein.

43. The foregoing acts of infringement by YouTube are willful, intentional, purposeful, in disregard, and of indifference to the rights of Plaintiff.

44. YouTube's acts and conduct, as alleged above in this Complaint, constitute contributory copyright infringement.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement—Against Defendant YouTube)

45. Paymentwall realleges and incorporates by reference the allegations contained in paragraphs 1 through 44 above.

46. YouTube has the right and ability to control the infringing activities of the individuals or entities that directly infringed Plaintiff's work.

47. YouTube has received direct financial and related benefits from the infringing activities of the individuals or entities that directly infringe Plaintiff's work.

48. The foregoing acts of infringement by YouTube are willful, intentional, purposeful, in disregard, and of indifference to the rights of Plaintiff.

49. YouTube's acts and conduct, as alleged above in this Complaint, constitute vicarious infringement of the exclusive rights in Plaintiff's work.

### FOURTH CLAIM FOR RELIEF
### (Inducing Copyright Infringement—Against Defendant YouTube and Explainifyr)

50. Paymentwall realleges and incorporates by reference the allegations contained in paragraphs 1 through 49 above.

51. YouTube and Explainifyr have infringed Plaintiff's work by inducing others to copy, adapt, distribute, perform, publicly display, and transmit Plaintiff's work.

52. Explainifyr provides individuals with unauthorized copies of Plaintiff's work to individuals with the specific intent of having those individuals post unauthorized copies of Plaintiff's work to the Internet.

53. YouTube provides access to their site with the object of promoting its use to infringe copyright.

54. The foregoing acts of infringement by YouTube and Explainifyr are willful, intentional, purposeful, in disregard, and of indifference to the rights of Plaintiff.

55. YouTube's acts and conduct, as alleged above in this Complaint, constitute inducing copyright infringement of Plaintiff's work.

## **FIFTH CLAIM FOR RELIEF**
### (Trademark Infringement: 15 U.S.C. § 1114 (Lanham Act §32))

56. Paymentwall realleges and incorporates by reference the allegations contained in paragraphs 1 through 55 above.

57. Paymentwall owns the PAYMENTWALL trademark, which is a federally registered, valid, distinctive, and protectable trademark. Paymentwall has priority of use over the PAYMENTWALL mark as to each of the Defendants.

58. Each Defendant has, willfully and consciously, committed trademark infringement by using in commerce one by using Paymentwall's mark in a way that is likely to cause confusion, mistake, or deception as to whether one or both Defendants have a connection with Paymentwall.

59. Each Defendants' acts of infringement have caused and will continue to cause damage to Paymentwall, in an amount to be determined at trial.

60. As a direct and proximate consequence of the infringement complained of herein, Paymentwall has been irreparably harmed to an extent not yet determined, and will continue to be irreparably harmed by such acts in the future unless the Court enjoins each Defendant from committing further acts of infringement.

///

## SIXTH CLAIM FOR RELIEF
### (Civil Conspiracy- Against Defendants Explainifyr, Neal and Does 1-40)

61. Paymentwall realleges and incorporates by reference the allegations contained in paragraphs 1 through 60 above.

62. Neal and Does 1 through 40 were aware that Explainifyr planned to orchestrate a campaign of distributing Plaintiff's intellectual property to individuals with the intent of having those individuals unlawfully post the intellectual property on the Internet via YouTube.

63. Neal and Does 1 through 40 agreed with Explainifyr and intended that a campaign of distributing Plaintiff's intellectual property to individuals with the intent of having those individuals unlawfully post the intellectual property on the Internet via YouTube be committed.

58. Defendants Explainifyr, Neal and Does 1 through 40, in concert, willfully and consciously, committed trademark infringement by using in commerce one by using Paymentwall's mark in a way that is likely to cause confusion, mistake, or deception as to whether one or both Defendants have a connection with Paymentwall.

59. Defendants Explainifyr, Neal, and Does 1 through 40's acts of infringement have caused and will continue to cause damage to Paymentwall, in an amount to be determined at trial.

60. As a direct and proximate consequence of the acts of conspiracy and the infringement complained of herein, Paymentwall has been irreparably harmed to an extent not yet determined, and will continue to be irreparably harmed by such acts in the future unless the Court enjoins each Defendant from committing further acts of infringement.

## PRAYERS FOR RELIEF

WHEREFORE, Paymentwall respectfully prays that this Court:

(A) That this Court award Plaintiff injunctive and other equitable relief, in accordance with the provisions of Rule 65 of the Federal Rules of Civil Procedure, enjoining Defendants, their officers, agents, servants, employees and attorneys, and all those in participation with them or any of them who receive actual notice of the Court's injunctive order:

    1. From directly or indirectly reproducing, adapting, distributing, publicly displaying or performing, or otherwise infringing in any manner, Plaintiff's copyrighted work, including but

not limited to the work identified herein;

2. From causing, contributing to, inducing, enabling, facilitating, or participating in the infringement of the works identified herein;

3. Awarding such other equitable relief as will protect Plaintiff's rights to its copyrighted content and any exclusive rights in sound recordings protected by state law, including imposing a constructive trust on all the assets of Defendants, if necessary, to secure to Plaintiffs the benefits that the Constitution and Congress have promised them;

(B)  For a declaration that Defendants' YouTube service willfully infringes Plaintiff's copyrights both directly and secondarily;

(C)  For statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), for actual damages plus Defendants' profits from infringement, as will be proven at trial;

(D)  For Plaintiff's costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

(E)  Declare and enter judgment that each Defendant has committed trademark infringement under the laws of the United States, by using PAYMENTWALL without Paymentwall's authorization, in connection with the advertising, marketing, distribution, and sale of goods;

(F)  For a money judgment representing compensatory damages for Defendants' conspiratorial acts, according to proof;

(G)  That this Court find Defendants jointly and severally liable for all damages awarded;

(H)  For pre-and post-judgment interest according to law; and

(I)  For such other and further relief as this Court may deem just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff Paymentwall, Inc. hereby requests trial by Jury.

DATED: July 25, 2014

Respectfully submitted,
MICLEAN GLEASON LLP

By: /s/ *Anne-Marie D. Dao*
Anne-Marie D. Dao
Gary R. Gleason
Attorneys for Plaintiff Paymentwall, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via e-mail and/or the Court's CM/ECF on this 25th day of July, 2014.

/s/ *Anne-Marie D. Dao*
Anne-Marie D. Dao